IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| V. | ) CV 12-1492 |
| | ) CR 8-402 |
| JOHN HUMPHRIES | ) |

**OPINION AND ORDER**

**OPINION**

Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3583(e)(1).  Defendant plead guilty to conspiracy to distribute and possess a controlled substance, in violation 28 US.C.§ 846.  He was sentenced on March 20, 2009, to a term of imprisonment of 21 months, and supervised release for a term of three years.  Subsequently, after Defendant was arrested on another federal offense, and at Docket No. 9-236, he was sentenced to a term of imprisonment, effective June 30, 2009, of twelve months, and a term of supervised release of one year.   As a result, Defendant's supervised release was revoked in the present case.  On the supervised release violation, he was sentenced to a term of imprisonment of sixteen months, effective June 20, 2010, to run consecutive to the term imposed at CR 9-236.     In addition, he was placed on supervised release for a term of three years, to run concurrently with the one-year term imposed at CR 9-236.  The parties agree that Defendant, through no fault of his own, remained incarcerated approximately four months past his proper release date.  As Defendant avers, he has now served more than one year of his supervised release term.

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief, United States v.Ritter, 93 Fed. Appx. 402, (3d Cir. 2004).  Under that standard, a hearing is unnecessary

in this case, and I will dispose of the Motion on the record. Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962).

Presently, Defendant raises several arguments regarding his sentence. First, he contends that 21 U.S.C. § 846, at the time of his plea, carried a statutory maximum penalty of three years of supervised release. Defendant contends that after his supervised release was revoked, this Court should not have sentenced him to an additional three-year supervised release term. Defendant points to 18 U.S.C. § 3583(h), which provides:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Accordingly, Defendant argues, his sentence should have been sixteen months less than the three-year term of supervised release.[1] The statute, however, refers to diminishment by the length of successive terms of post-revocation imprisonment – i.e., "less the aggregate length of imprisonment imposed for all prior revocations of supervised release." United States v. Williams, 675 F.3d 275, 279 (emphasis added). This statute thus "acts as a cap on the aggregate amount of post-revocation supervised release a defendant may receive. This, in turn, imposes an indirect limit on the aggregate amount of revocation imprisonment." Id. at 280 (quoting United

---

[1] Defendant contends that his term should have been "sixteen months less the already maximum three-year term of supervised release." I assume he means "less than" rather than "less" – and that he does not seek a sentence of sixteen months minus thirty-six months.

States v. Hampton, 633 F.3d 334 (5th Cir. 2011)).  In other words, Section 3583(h) does not operate quite in the manner that Defendant urges.

      Nonetheless, Defendant also contends that he is entitled to a reduction of supervised release pursuant to Section 3583(e).  Pursuant to that Section, I may, after considering various factors set forth in Section 3553, terminate a term of supervised release and discharge the Defendant any time after the expiration of one year of supervised release.  To do so, I must be "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."  18 U.S.C. § 3583(e)(1).  I have considered all of the appropriate factors, the parties' submissions, and the fact that the probation officers involved have no objection to the termination of supervision.  Having done so, I conclude that the exercise of my discretion pursuant to Section 3583(e)(1) is appropriate.

      Under 28 U.S.C. ' 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  Aside from my findings regarding Section 3583, Defendant has not made such a showing.  Therefore, a certificate of appealability will not issue.

## ORDER

AND NOW, this 21st day of December, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion [51] is GRANTED to the extent that his term of supervised release is hereby terminated.  To the extent Defendant intends to seek additional relief, the remainder of the Motion is denied as moot, or because Defendant has failed to state a fundamental defect or omission providing grounds for relief under Section 2255.  No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court